EDELMAN, EDELMAN & BERRIE, INC., Plaintiff, *v.* THE RETAIL GROCERY AND DAIRY CLERKS' UNION OF GREATER NEW YORK, an Unincorporated Association, and Others, Defendants.

Supreme Court, Bronx County, November, 1922.

Injunctions — strikes — labor unions — unlawful conspiracies — patrolling sidewalks with signs enjoined.

Upon a motion for an injunction to restrain injury to and interference with the business of the plaintiff, a corporation conducting four retail stores at various points in a named locality, it was admitted by the defendants, who are officers, members and representatives of a labor union, that the sidewalks in front of plaintiff's premises have been persistently and systematically patrolled by agents of the defendants carrying signs on which appear " Dairy Clerks on Strike; Patronize Union Stores." In consequence of the crowds collected and the disturbances engendered plaintiff's business has suffered. The defendants did not claim that more than three named employees of plaintiff were on strike but the plaintiff denied ever having in its employ one of the persons mentioned and showed conclusively that a second was discharged some days before the strike was commenced, while the third had accepted employment elsewhere in a different line of business. The other employees of plaintiff are said to be union members in good standing. The dispute between plaintiff and defendants arose over the discharge of the second employee, but there was no reason to question the good faith of plaintiff's contention that said employee and another were dismissed in pursuance of a policy of economy and retrenchment. *Held*, that the facts brought the case within the class of unlawful conspiracies and the motion is granted to the extent of enjoining defendants from patrolling the sidewalk in front of plaintiff's premises with said signs and otherwise attempting to induce or persuade, even by peaceful means, the plaintiff's customers and employees from continuing their relations with it.

MOTION for an injunction.

*Israel Brinkman*, for plaintiff.

*I. M. Sackin*, for defendants.

MARSH, J. This is a motion for an injunction to restrain the defendants, who are officers, members and representatives of a labor union, from injuring and interfering with the business of the plaintiff, a corporation conducting four retail grocery stores at various locations in the borough of The Bronx. The moving papers abound with loose and general charges of conspiracy and threats,

as well as actual violence and injury to property, but, for the most part, these are unsupported by any detailed proof and are also denied generally by the defendants.　It appears, however, by the admission of the defendants, that the sidewalks in front of the plaintiff's premises have been persistently and systematically patrolled by agents of the defendants, carrying signs on which appear the words " Dairy Clerks on Strike; Patronize Union Stores."　Crowds have collected, disturbances have occurred and there is sufficient proof that plaintiff's business has suffered in consequence.

The defendants claim that there is a strike in progress, culminating from a disagreement between the plaintiff and the union, because of a number of acts of the plaintiff alleged to be in violation of a written contract.　It appears, however, that the written contract upon which the defendants rely was made not by the plaintiff but by a partnership of a somewhat similar name in which certain of the same individuals are interested; but the extent of the common interest does not appear and the separate identity of the two concerns is clearly established by the plaintiff's replying affidavits.　If the plaintiff is in fact a new establishment, opened or conducted by the party of the second part to the contract referred to, there is nothing now before the court by which that fact is made to appear.

The so-called strike is not impressive in respect to the number of individuals involved.　The defendants only claim that three of the plaintiff's employees are on strike.　All three are named. The plaintiff denies ever having in its employ one of the persons mentioned, and shows conclusively that a second was discharged some days before the strike commenced, while the third has accepted employment elsewhere in a different line of business. Beyond a doubt, the dispute between the plaintiff and defendants arose over the discharge of the second employee referred to, and there is no reason to question the good faith of the plaintiff's contention that he was dismissed, together with another employee in pursuance of a policy of economy and retrenchment.　No evidence whatever is presented to prove the other causes of dispute referred to by the defendants.　The other employees of the plaintiff are said to be union members in good standing.

The only question arising from these facts is whether the defendants may be enjoined from patrolling the sidewalks in front of plaintiff's premises with the signs which have been described, and otherwise attempting to induce or persuade, even by peaceful means, the plaintiff's customers and employees from continuing their relations w th it.　Not all peaceful picketing is lawful. Injunctions in labor litigation are usually sought upon the theory

that the plaintiffs are suffering damage from an unlawful conspiracy on the part of the defendants, and it is, therefore, necessary to look at the situation as a whole in order to determine the main purpose of the defendants. A conspiracy may take the form of using lawful means to perform an unlawful act, as well as performing a lawful act by unlawful means; and a combination of employees and employers may be legal if its purpose is to promote the legitimate advantages of its members, while it will be illegal if its main purpose is to inflict injury upon others. *Bossert* v. *Dhuy*, 221 N. Y. 342; *Curran* v. *Galen*, 152 id. 33; *Newton Co.* v. *Erickson*, 70 Misc. Rep. 291; affd., 144 App. Div. 939; *Mills* v. *United States Printing Co.*, 99 id. 605; *Truax* v. *Corrigan*, 42 Sup. Ct. Rep. 124.

The facts in the case now under consideration bring it clearly within the class of unlawful conspiracies. The statements made about the plaintiff were without foundation in truth, because there was no real strike in progress and its shops were actually union shops. The quarrel arose over the discharge of an unnecessary employee. The real purpose of the defendants may be inferred from the remarks made by one of the officers of the defendants' union at the conference with the representatives of the plaintiff on October third, when he said: " You had no right to fire any clerks and, furthermore, if you don't take them back a strike will be called at your places of business, and you will be sorry. This is final. You either take these men back or we will boycott you by speaking to your customers and everybody else in your neighborhood, and not let them go into your stores; and we will speak on street corners against your business and we will picket your business until you will either agree to keep the men in your employ or we will drive you out of business, and, besides, before you leave this place we want you to sign an agreement or else we will drive you out of business." The making of this statement is denied only by the defendant Goldberg, for himself. It is not denied either by Schwartz or Levitt, who were also present at the conference as officers of the defendants. Little weight can be given for any purpose to the affidavits of Tobolsky, Amlen, Heller, Vacker, Abramowitz, Quitney, Jaffey and others, submitted on behalf of the defendants, because they undertake to swear indiscriminately in support of all the allegations and denials in the other affidavits, even though the matters are obviously not within their own knowledge.

An injunction will be granted to the extent set forth in the order to show cause, with ten dollars costs of the motion. Settle order on notice.

Ordered accordingly.